IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel Mark Hughes, | No. Civ. 06-2085-PHX-NVW (VAM) |
|     Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Dora B. Schriro, et. al., | |
|     Respondents. | |

**TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:**

Petitioner submitted a federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 29, 2006. [Doc. 1]. Respondents' Answer was filed on October 20, 2006. [Doc. 8]. Petitioner's Reply is dated November 10, 2006. [Doc. 9]. The Court now reports and recommends as follows:

## BACKGROUND

In 1992, Petitioner entered a plea of no contest in state court to a charge of attempted second degree murder. [Doc. 8, Exhs. A, B, C]. Petitioner was sentenced in accordance with the stipulated sentence in the plea agreement on March 26, 1992. [Exh. D].

1  Petitioner's conviction was affirmed on appeal. [Doc. 8,
2 Exh. F]. The order and mandate issued on August 27, 1992.
3 [Doc. 8, Exh. G]. Between 1992 and 1994, Petitioner pursued
4 his first petition for post-conviction relief. [Doc. 8, Exhs.
5 H-O]. The trial Court and Arizona Court of Appeals denied
6 relief. [Id.]. Petitioner pursued his second and third
7 petitions for post-conviction relief between May 15, 2001 and
8 October 4, 2002. [Doc. 8, Exhs. P-Y]. Petitioner was denied
9 relief with respect to both petitions, on grounds that his
10 claims were untimely. [Id.].
11  Petitioner's fourth and final petition for post-conviction
12 relief was filed in state court on January 28, 2003. [Doc. 8,
13 Exh. Z]. Although Petitioner's petition was filed more than
14 ten years after his conviction became final, he alleged in his
15 Petition that he recently discovered he had Hepatitis B and C.
16 He asserted that the Hepatitis amounted to newly discovered
17 evidence that may have had an impact on his sentence. [Doc. 8,
18 Exhs. Z-CC]. Specifically, Petitioner argued that the trial
19 court might have deemed the plea agreement too harsh or
20 imposed a more lenient sentence had the judge known about
21 Petitioner's Hepatitis. [Id.].
22  Petitioner's fourth petition for post-conviction relief was
23 permitted to go forward on grounds that Petitioner's Hepatitis
24 amounted to newly discovered evidence. [Doc. 8, Exh. DD].
25 The Court found that Petitioner diligently pursued "the fact
26 of diagnosis and petition[ed] the Court for appropriate
27 relief." [Doc. 8, Exh. DD]. The Court denied relief,
28 however, finding that Petitioner's diagnosis would not have

altered his stipulated sentence had it been known at the time of sentencing. [Id.]. Petitioner sought review in the Arizona Court of Appeals and the Arizona Supreme Court. [Doc. 8, Exhs. EE-HH]. The Arizona Court of Appeals denied review on August 3, 2005. [Doc. 8, Exh. FF] The Arizona Supreme Court denied review on April 20, 2006. [Doc. 8, Exhs. HH].

Petitioner's federal petition for writ of habeas corpus was filed in this Court on August 29, 2006. [Doc. 1]. He alleges three issues: ineffective assistance of counsel(Ground I); denial of due process (Ground II); and violation of his right against double jeopardy. [Id.]. Pursuant to this Court's order of September 12, 2006, [Doc. 3], Respondents filed a limited Answer asserting that Petitioner's claims are barred by the statute of limitations and are procedurally defaulted.

For the reasons set forth below, the Court finds that Petitioner's Petition may be timely under 28 U.S.C. §2244(d)(1)(D), but that Petitioner's claims are nonetheless procedurally defaulted. Accordingly, the Court recommends that the Petition be denied.

**DISCUSSION**

**A. Statute of Limitations**

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations for prisoners whose convictions became final before the effective date of the AEDPA generally begins to run on April 25, 1996. 28 U.S.C. § 2244(d)(1); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). For all other prisoners, the statutory period generally commences on the date a petitioner's judgment of conviction becomes "final," measured from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

The AEDPA's one-year limitations period is subject to both statutory and equitable tolling. See Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). The AEDPA statutorily tolls the limitations period during the time in which "a properly filed

- 4 -

application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). For purposes of statutorily tolling the limitations period pursuant to § 2244(d)(2), an application for state post-conviction relief is deemed "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application for collateral review is "pending" during "the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies...." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). "Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)(quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998).

In the present case, Petitioner's conviction became final in 1992, prior to the effective date of the AEDPA. Petitioner had no proceedings pending in state court between 1994 and 2001. Therefore, absent a showing that he is entitled to equitable tolling or that his case falls into one of the categories listed in 2244(d)(1)(B)-(D), the statute of

1  limitations commenced on April 25, 1996, and expired one year
2  later.

3  Respondents assert that the only conceivable grounds for
4  extending the statute of limitations are: (1) the doctrine of
5  equitable tolling, or (2) subparagraph (D) of §2244(d)(1).
6  Respondents contend that, in either case, Petitioner's claim
7  fails because he failed to exercise due diligence in
8  discovering the basis for his federal claims.  Petitioner
9  replies that he had "no way of knowing that he should even
10 look for Hepatitis since he wasn't sick" and that he filed for
11 post-conviction relief "within weeks" of discovering his
12 condition in 2002.  [Doc. 9 at 4].

13 Were the Court to agree with Petitioner that he exercised
14 due diligence in discovering his Hepatitis, his habeas corpus
15 Petition would be timely under 28 U.S.C. §2244(d)(1)(D).  See
16 also Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir.
17 2003)(stating that the statute of limitations on claims
18 predicated upon newly discovered evidence commences "when the
19 prisoner could have discovered the new evidence through the
20 exercise of due diligence").  The Ninth Circuit has explained:

> [U]nder AEDPA's exhaustion requirement, the petitioner must fully present his claim based on newly discovered evidence to the state courts before he can file a federal habeas petition.  The limitations period is tolled, however, under § 2244(d)(2) while the prisoner's claim based on newly discovered evidence is pending in state court. Thus, for claims based on newly discovered evidence, the limitations period begins to run when the new evidence should have been discovered through the exercise of due diligence until the prisoner files a petition for state collateral review. The prisoner's federal petition based on that claim becomes ripe for filing once the state courts have completed a full round of collateral review.

28 Redd, at 1083.

Here, Petitioner allegedly discovered his Hepatitis in October 2002. [Doc. 8, Exh. AA at 3, Exh. DD at 1, Exh. EE at 4].[1] He submitted a notice of post-conviction relief alleging claims related to the Hepatitis on January 22, 2003,[2] and he continued to pursue his claims in state court until April 20, 2006. [Doc. 8, Exhs. Z, DD, EE, FF, GG, HH].[3] Assuming that Petitioner exercised the due diligence required by 28 U.S.C. 2244(d)(1)(D), the statute of limitations would have commenced on approximately November 1, 2002.[4] The limitations period would have run for eighty three (83) days until Petitioner's

---

[1] Petitioner's Reply states that he learned of his Hepatitis in 2001. [Doc. 9 at 2]. In light of the state record, this appears to be a typographical error.

[2] Petitioner's Petition was dated January 22, 2003. The Petition was not marked "filed" until January 28, 2003. Out of an abundance of caution, the Court assumes that Petitioner gave his Petition to prison officials on the date he signed the Petition. Houston v. Lack, 487 U.S. 266, 276 (1988)(holding that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court); See Miles v. Prunty, 187 F.3d 1104, 1106 n. 2 (9th Cir.1999)(recognizing that the same "prisoner mailbox rule" applies to habeas corpus petitions filed under AEDPA).

[3] The Court has construed the various dates marked on all state court papers liberally, using the dates that are most beneficial to Petitioner.

[4] Petitioner asserts that he discovered his Hepatitis in October of 2002. He does not specify a date. The Court has liberally construed the argument and assumed that Petitioner may not have discovered the condition until October 31, 2002.

-7-

Notice of Post-conviction relief was filed on January 22, 2003. The statute of limitations would have been tolled during the pendency of Petitioner's fourth post-conviction proceedings. The limitations period would have recommenced on April 20, 2006, and would have expired 282 days later. His federal petition, which was filed on August 29, 2006, would therefore be timely.

For purposes of this Report and Recommendation, the Court will assume that Petitioner acted with due diligence and that his petition is therefore timely.[5] Regardless of whether Petitioner acted with due diligence, however, his claims must be denied under the doctrine of procedural default.

**B. Exhaustion and Procedural Default**

**1. Controlling Legal Principles**

A federal court has authority to review a federal constitutional claim presented by a state prisoner if available state remedies have been exhausted. Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(per curiam); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). The exhaustion doctrine, first developed in case law and codified in the former 28 U.S.C. § 2254, now states:

---

[5] Petitioner's contention that he had no reason to know of his Hepatitis prior to 2002 and the state court's finding that Petitioner's discovery of his Hepatitis amounted to newly discovered evidence, raise factual questions regarding whether Petitioner exercised due diligence. The Court has therefore construed the facts in Petitioner's favor. Nonetheless, Petitioner's claims are clearly procedural defaulted.

- 8 -

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available state corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

The exhaustion requirement can be satisfied in one of two ways. First, a petitioner can fairly present his or her claims to the state's highest court by properly pursuing them through either the state's direct appeal process or through appropriate post-conviction relief. Rose v. Lundy, 455 U.S. 509 (1982); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir. 1985); Sweet v. Cupp, 640 F.2d 233, 235 (9th Cir. 1981). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. Brown v. Easter, 68 F.3d 1209, 1211 (9th Cir. 1995); Turner v. Compoy, 827 F.2d 526, 528 (9th Cir. 1987).

A petitioner must "fairly present his claim to the state's highest court to properly exhaust." Brown, 68 F.3d at 1211.[6] To fairly present a claim, a federal habeas petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon the federal constitutional claim. Baldwin v. Reese, 541 U.S. 27, 30-34 (2004). See also Anderson v. Harless, 459 U.S. 4, 6 (1982)(per curiam); Picard v. O'Connor, 404 U.S. 270, 278 (1971). While the petitioner need not recite "'book and verse of the federal constitution'", Picard, 404 U.S. at 277-78 (quoting Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." Anderson, 459 U.S. at 6.

As an alternative to presenting his claims to the highest state court, a petitioner can satisfy the exhaustion requirement by demonstrating that no state remedies remained available at the time the federal habeas petition was filed. Engle v. Isaac, 456 U.S. 107, 125 (n. 28)(1982); White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989). This failure to comply with reasonable state procedures is usually

---

[6] In Arizona, exhaustion may be accomplished by fairly presenting claims to the Arizona Court of Appeals. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999), cert. denied, 529 U.S. 1124 (2000) (stating that "except in habeas petitions in capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them").

- 10 -

characterized as "procedural default", "procedural bar", or a "waiver". The burden is on the petitioner to show that he or she has properly exhausted each claim.

In many cases, the lack of available state remedies is a direct result of the petitioner's failure to avail himself of the state remedies in a timely or procedurally correct manner. In such instances, the petitioner has procedurally defaulted, and may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default or a fundamental miscarriage of justice.[7] Reed v. Ross, 468 U.S. 1, 11 (1984); Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977); see also Teague v. Lane, 489 U.S. 288, 298 (1989); Tacho v. Martinez, 862 F.2d 1376, 1380 (9th Cir. 1988). "Cause" is the legitimate excuse for the default. Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). "Prejudice" is actual harm resulting from the alleged constitutional violation. Id. To show a fundamental miscarriage of justice, a petitioner must make the extraordinary showing that the alleged constitutional violation probably resulted in the conviction of an innocent person. Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986). The circumstances constituting a fundamental miscarriage of justice apply in only a "narrow class of cases." Schlup, 513 U.S. at 321. To establish actual innocence, the petitioner

---

[7] Appellate defaults are examined under the same standards that apply when a defendant fails to preserve a claim during trial. Smith v. Murray, 477 U.S. 527, 533 (1986).

- 11 -

must show that considering all the evidence, "it is more likely than not that no reasonable juror would have convicted him." Id. at 327-28.

**2. Analysis**

In the present case, none of Petitioner's federal habeas corpus claims were fairly presented in state court. In ground one, Petitioner alleges that his counsel was ineffective: for failing to inform Petitioner that his health condition could have impacted his sentence; for failing to tell Petitioner he was faced with two charges for the same crime; and for filing only one motion on Petitioner's behalf. [Doc. 1]. Although Petitioner argued in state that counsel was ineffective for failing to ensure that the State complied with the plea agreement and for failing to question Petitioner's capacity to enter a valid plea agreement, he never raised the issues now presented. [Doc. 8 at Exhs. J, P].

Similarly, Petitioner's second ground for relief was never presented as a federal claim in state court. In Ground II, Petitioner alleges that the prosecutor violated due process by failing to disclose evidence of Petitioner's Hepatitis. Petitioner's fourth state petition for post-conviction relief alleged that he was unaware that his Hepatitis could have been considered a mitigating factor during sentencing. [Doc. 8, Exhs. Z-CC]. He further argued that the trial judge might have imposed a more lenient sentence or declared the plea agreement too harsh had Petitioner's health been brought to light. [Id.]. Petitioner did not argue, as he does now, that his federal constitutional rights were violated as a result of

prosecutorial non-disclosure. His claim was therefore not fairly presented.

Petitioner's third ground for relief, which alleges that his conviction violated double jeopardy, is also raised for the first time in Petitioner's federal habeas corpus petition. Petitioner concedes in his Reply that the issue was never raised in state court.

Because Petitioner's claims were not presented to the state court in a procedurally appropriate manner, they were not fairly presented for purposes of exhaustion. See, e.g., Baldwin, 541 U.S. at 30-34. Under state law, Petitioner may not now return to state court and re-assert his unexhausted federal claims. Ariz.R.Crim.P. 32.2(a)(3) (stating that "[A] defendant shall be precluded from relief under this rule based upon any ground.... (3) that has been waived at trial, on appeal, or in any previous collateral proceeding")[8]; Ariz.R.Crim.P. 32.4(a) (setting time limits for Arizona petitions for post-conviction relief). Petitioner's claims

---

[8] Arizona Rule of Criminal Procedure Rule 32.2(a)(3) precludes post-conviction relief for any claim that could have been raised in a previous collateral proceeding except under limited circumstances. The Ninth Circuit has determined that the preclusive effect of Arizona Rule of Criminal Procedure Rule 32.2(a)(3) is independent from any federal determination. Stewart v. Smith, 536 U.S. 856, 860 (2002). See also Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992)(rejecting argument that Arizona's reliance on Rule 32.2(c) as a basis for procedural default was "so unpredictable and irregular that it does not provide an adequate ground" for disposal of claims). But see Cassett v. Stewart, 406 F.3d 614 (9th Cir. 2005).

are therefore procedurally defaulted. Federal habeas review of the merits of Petitioner's procedurally defaulted claims is barred unless Petitioner can show cause for the procedural default and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Schlup, 513 U.S. at 321; Murray, 477 U.S. at 496; Wainwright, 433 U.S. at 90-91 (1977).

Petitioner has not put forth any arguments sufficient to support a finding of cause or prejudice that would excuse his default with respect to the precluded claims.[9] Likewise, the Court is satisfied that denial of Petitioner's claims will not amount to a fundamental miscarriage of justice. As noted above, the fundamental miscarriage of justice exception applies only to a "narrow class of cases" in which a Petitioner can make the extraordinary showing that an innocent person was probably convicted due to a constitutional violation. Schlup, 513 U.S. 298, 321 (1995); Murray, 477 U.S.

---

[9] In his Reply, Petitioner suggests that counsel's ineffectiveness was a fundamental miscarriage of justice. To the extent this argument can be construed as alleging cause, the Court rejects it. Although constitutionally ineffective assistance of counsel can constitute cause for a procedural default, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486. Ordinarily, a prisoner must establish that counsel's assistance was so ineffective that it fell below constitutional standards or show that an objective factor external to the defense impeded counsel's ability to comply with the state procedural rule. Id. The record does not support such a conclusion here.

1  at 496. Throughout his state and federal proceedings,
2  Petitioner has not argued that he is actually innocent, but
3  instead argues that his sentence might have been mitigated had
4  he known he was ill. Neither Petitioner's belief that the
5  state court judge might have imposed a sentence different than
6  that agreed to by Petitioner in the plea agreement nor
7  Petitioner's bald assertion that he would have rejected the
8  plea had he known of his Hepatitis establish a fundamental of
9  miscarriage of justice. Petitioner's procedurally defaulted
10 claims should therefore be denied.

**CONCLUSION AND RECOMMENDATION**

12   Petitioner failed to present his federal habeas corpus
13 claims in state court. The claims are procedurally defaulted.
14 Petitioner has not established cause and prejudice or a
15 miscarriage of justice. Petitioner is not entitled to habeas
16 corpus relief.

17   **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for
18 Writ of Habeas Corpus [Doc. 1] be **denied**.

19   This Report and Recommendation is not an order that is
20 immediately appealable to the Ninth Circuit Court of Appeals.
21 Any notice of appeal filed pursuant to Rule 4(a)(1), Federal
22 Rules of Appellate Procedure, should not be filed until entry
23 of the district court's order and judgment. The parties shall
24 have ten (10) days from the date of service of this Report and
25 Recommendation within which to file specific written
26 objections with the Court. Thereafter, the parties have ten
27 (10) days within which to file a response to the objections.
28 Failure to timely file objections to any factual

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 29th day of December, 2006.

*Virginia A. Mathis*
Virginia A. Mathis
United States Magistrate Judge